SANFORD JAY ROSEN – 062566
JEFFREY L. BORNSTEIN – 099358
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      srosen@rbgg.com
            jbornstein@rbgg.com

BRIAN A. VOGEL – 167413
LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone:  (805) 654-0400
Facsimile:  (805) 654-0326
Email:      brian@bvogel.com

SABARISH NEELAKANTA – Fla. Bar No. 26623*
MASIMBA MUTAMBA – Fla. Bar No. 102772*
DANIEL MARSHALL – Fla. Bar No. 617210*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, Florida  33460
Telephone:  (561) 360–2523
Email:      sneelakanta@hrdc-law.org
            mmutamba@hrdc-law.org
            dmarshall@hrdc-law.org

*Admitted *pro hac vice*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, | Case No. 2:17-cv-04883-R-AS |
| Plaintiff, | **STIPULATION CONTINUING JURISDICTION OVER SETTLEMENT AND REFERRAL TO MAGISTRATE JUDGE** |
| v. | |
| COUNTY OF LOS ANGELES et al., | Judge:  Hon. Manuel L. Real |
| Defendants. | |

[3271815.4]

Plaintiff Human Rights Defense Center ("**HRDC**") and Defendant County of Los Angeles (the "**County**"), by and through their counsel of record, hereby stipulate as follows:

WHEREAS HRDC executed a Settlement Agreement ("**Agreement**") on March 30, 2018;

WHEREAS the Court dismissed all claims remaining in this action, and retained its jurisdiction over this action for the purpose of enforcing the Agreement on April 17, 2018 (Dkt. No. 61);

WHEREAS the County's Claims Board and Board of Supervisors approved the Agreement on May 21, 2018 and June 19, 2018, respectively;

WHEREAS the County executed the Agreement on August 6, 2018;

WHEREAS the Agreement requires that the Settlement of Equitable Claims ("**Settlement**"), attached hereto as **Exhibit A**, be submitted to the Court for entry of an order by the Court to retain jurisdiction for purposes of enforcement;

WHEREAS the Parties agree to referral of this action to Magistrate Judge Alka Sagar for all purposes, including the enforcement of the Settlement;

IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1.   The Parties jointly request that the Court continue to retain jurisdiction over this action for the purpose of enforcing the Parties' Settlement;

2.   The Parties jointly request that the Court refer this action to Magistrate Judge Alka Sagar for all purposes, including enforcing the Settlement;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 2:17-cv-04883-R-AS

STIPULATION CONTINUING JURISDICTION OVER SETTLEMENT AND REFERRAL TO MAGISTRATE JUDGE

[3271815.4]

1    3.    The Parties by and through undersigned counsel consent to the

2          jurisdiction of Magistrate Judge Alka Sagar, pursuant to 28 U.S.C.

3          § 636(c) and Fed. R. Civ. Proc. 73, for all purposes, including

4          enforcing the attached Settlement of Equitable Claims.

5

6    DATED:  August 16, 2018          Respectfully submitted,

7                                     ROSEN BIEN GALVAN & GRUNFELD LLP

8

9                                     By:    /s/ Jeffrey L. Bornstein

10                                          Jeffrey L. Bornstein

11                                   Attorneys for Plaintiff

12

13

14   DATED:  August 16, 2018          SHEPPARD MULLIN
                                       RICHTER & HAMPTON LLP
15

16
                                       By:    /s/ Valerie E. Alter
17                                          Valerie E. Alter

18                                   Attorneys for Defendants
19

20

21

22

23

24

25

26

27

28

STIPULATION CONTINUING JURISDICTION OVER SETTLEMENT AND REFERRAL TO MAGISTRATE
JUDGE

[3271815.4]

# E X H I B I T   A

**EXHIBIT A:** *SETTLEMENT OF EQUITABLE CLAIMS*

## I.     DURATION AND TEMPORAL LIMITATIONS OF *SETTLEMENT*

A.     This *Settlement Of Equitable Claims* (the "*Settlement*") between Human Rights Defense Center ("**HRDC**") and the County of Los Angeles (the "**County**") (hereinafter collectively referred to as "**the Parties**") shall remain enforceable by the Court upon approval of the Court and until two years from the Effective Date of the *Settlement*. After that date, enforcement by the Court shall terminate upon the filing of a motion by the County.

B.     The County agrees to implement the terms of this *Settlement* within thirty (30) days of the date of the entry of an Order from the United States District Court for the Central District of California approving this *Settlement*.

C.     The Parties agree that during the term of this *Settlement*, the County may adopt policies and procedures that are consistent with statutory or case law that becomes controlling after the signing of this *Settlement*. The County agrees to provide HRDC's counsel with notice of such changes in policies and procedures 90 days before their intended effective date during the term of this *Settlement*.

D.     Notwithstanding Sections (I)(B) and (C), *supra*, the Parties agree that any time limits for the County to complete certain matters as set forth in this *Settlement* may be extended upon mutual consent of the Parties and the Parties shall endeavor in good faith to agree upon a reasonable extension of the particular deadline in question.

## II.     TERMS OF SETTLEMENT

A.     The County represents and warrants that it does not presently have a policy in its jails pursuant to which it rejects periodicals that are not the "current issue". The County agrees not to implement such a policy in the future, subject to Section I(C), *supra*.

B.     The County represents and warrants that it does not presently have a policy pursuant to which it blanketly rejects magazines sent to inmates classified as "K-10" in its jails. The County agrees not to implement a policy denying magazines to inmates classified as "K-10" based purely on their classification in the future, unless such policy satisfies the test set forth in *Turner v. Safley*, 482 U.S. 78 (1987), and particularly that any such policy must have a valid, rational, connection to safety in the jail system, subject to Section I(C), *supra*.

C.     The County represents and warrants that it has implemented an appeals process for withheld mail consistent with *Procunier v. Martinez*, 416 U.S. 396 (1974). The County agrees that it will maintain such a policy, subject to Section I(C), *supra*.

D.     The County agrees to provide training to its personnel on the policies described in Sections (II)(A)-(C), *supra*.

E.     The County agrees to post its most current mail policy and appeals process on its website within thirty (30) days of the effective date of this *Settlement*.

[3238762.1]                                          **SETTLEMENT OF EQUITABLE CLAIMS**

F.      The parties agree that this Settlement shall be submitted to the Court for entry of an order by the Court to retain jurisdiction for purposes of enforcement.

## III.   DISPUTE RESOLUTION

In the event a controversy or claim arises out of or relating to this *Settlement*, the Parties shall work in good faith to resolve that dispute themselves. As part of the dispute resolution process only, the County agrees to provide HRDC with reasonable access to information related to any decision by the County to withhold mail sent by HRDC to inmates in the County's custody. HRDC is not otherwise entitled to information from the County. If the Parties are unable to resolve the dispute through negotiation, after fifteen (15) days, either Party may seek enforcement of the *Settlement* before Magistrate Judge Sagar. In the alternative, either Party may initiate a lawsuit before a Court of appropriate subject matter jurisdiction in federal court in the Central District of California. The prevailing party in any action to enforce the *Settlement* or new legal action may obtain fees consistent with 42 U.S.C. § 1988.

## IV.   MISCELLANEOUS

A.      Nothing contained herein shall be deemed to be an admission by the Defendants of liability or of the truth of any of the allegations set forth in HRDC's Complaint, or that they have in any manner violated the rights of HRDC or any person.

B.      This Settlement may be executed in counterparts or by facsimile and/or by attachment to an email.

C.      This *Settlement* constitutes the entire agreement as to the equitable claims between the Parties and supersedes all prior understandings, whether oral or written, between the parties. The Parties have resolved all matters involving monetary payment (including the matters of damages, costs, and attorneys' fees) by separate agreement.

DATED: __3/3 0/20__, 2018      HUMAN RIGHTS DEFENSE CENTER

By ___Paul Wright___
___executive Director___

DATED: __8|6|18__, 2018      COUNTY OF LOS ANGELES

By ___Christa Guyovich___
CHRISTA GUYOVICH
Its ___DIVISION CHIEF, LASD___

-2-

SETTLEMENT OF EQUITABLE CLAIMS